The UNITED STATES of America for the Use and Benefit of William T. SCARBOROUGH, Individually and as owner of Scarborough Construction Company, Plaintiff,

v.

C & M CONTRACTORS, INC., Principal and United States Fidelity and Guaranty Company, Surety, Defendants.

No. WC 76–101–S.

United States District Court, N. D. Mississippi, W. D.

Aug. 3, 1977.

Winn Davis Brown, Jr., Huggins & Brown, Southaven, Miss., for plaintiff.

Barrett J. Clisby, Oxford, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The defendant, C & M Contractors, Inc. (C & M), on June 5, 1974, entered into a contract for the transfer of soil located on the Enid Lake Rehabilitation Emergency Spillway Channel with the Department of the Army, Vicksburg District, Corps of Engineers. The defendant United States Fidelity & Guaranty Company, made C & M's payment bond for the work pursuant to the Miller Act, 40 U.S.C. §§ 270a, et seq.

C & M entered into a subcontract with plaintiff William T. Scarborough, d/b/a Scarborough Construction Company (Scarborough) on November 11, 1975, whereby Scarborough agreed to perform certain work on the Enid contract. The work to be performed by Scarborough as set forth in the subcontract was:

The Subcontractor shall perform all the Work required by the Contract Documents of the Contract dated June 5, 1974 and being contract No. DACW 38–74–C–0264 between Contractor and the Department of the Army, Vicksburg District, Corps of Engineers for Enid Lake Reha-

bilitation Emergency Spillway Channel between station 9 and end of job. The Subcontractor shall do, but not limited to, all dragline and hauling work and bring grade to 0.3 of one (1) foot grade. Finish work beyond this state shall be accomplished by Contractor.

The subcontract provided that C & M would pay Scarborough for the performance of the work covered thereby the sum of $23,850.00 and an additional sum to be computed at the rate of $1.00 per cubic yard for all dirt removed from the job site in excess of 87,625 cubic yards. The provision in the subcontract which relates to the amount of money to be paid is:

The Contractor shall pay the Subcontractor for the performance of the Work, subject to additions and deductions by the Change Order as provided in the Conditions of the Contract, in current funds, the Contract Sum of $23,850.00. After completion and as determined by cross-section by the said Corps of Engineers it is understood and agreed that Contractor shall pay to Subcontractor an additional sum of $1.00 per cubic yard of all dirt removed in excess of 87,625 cubic yards on the Contract Job site.

Upon the completion of the work the Corps of Engineers determined that 94,782 cubic yards of earth had been removed from the job site. Pursuant to the terms of the subcontract, C & M owed Scarborough an additional sum of $7,157 (7,157 cubic yards of earth removed in excess of 87,625 cubic yards, at $1.00 per cubic yard).

When C & M failed to pay Scarborough the final payment of $10,000 and the excess amount Scarborough brought this Miller Act suit.

In the early stages of the action C & M moved for a dismissal of the action as being premature, contending that final settlement had not been made under its contract with the Corps of Engineers. The subcontract provided that the entire balance of the contract sum would be due within ten days after receipt of payment by C & M of the amount due under its contract with the Corps of Engineers.

■ Plaintiff responded to this issue with the contention that the action is one authorized by statute, citing 40 U.S.C. § 270b which affords any person furnishing labor and/or materials going into the construction of any public project the right to bring suit on the bond 90 days after the completion of the work performed by such person. The court adopted Scarborough's position on the issue and overruled the motion to dismiss.

C & M then answered the complaint setting forth an affirmative defense of overpayment for the work performed by Scarborough and seeking to set off such overpayment against any sum found to be due on the subcontract. Since the record reflected that no payment had been made by C & M to Scarborough after the execution of the subcontract and the overpayment was said to have been made prior to the execution of the subcontract, the court sustained Scarborough's motion to strike the affirmative defense.

Scarborough then filed a motion for summary judgment supporting the motion with affidavits and admissions made by C & M in response to Scarborough's request for admissions.

C & M responded with a motion to amend its answer to contain the same affirmative defense of overpayment stricken by the court from the original pleading. C & M asserted that its counsel had just been informed of the exact payments made by C & M to Scarborough in excess of the amount due. C & M also seeks to recover the excess by way of counterclaim.

The facts material to the determination of the issues are not disputed. Scarborough and C & M admit that during the time Scarborough removed dirt from the job site before and at the time of the execution of the subcontract, C & M paid Scarborough the sum of $48,840 as follows:

| 8/12/75 | Check 2885 | $ 3,150.00 |
| 8/13/75 | Check 2888 | 350.00 |
| 8/28/75 | Check 2908 | 1,500.00 |
| 9/11/75 | Check 2920 | 15,000.00 |
| 10/13/75 | Check 2970 | 15,000.00 |
| 11/11/75 | Check 3049 | 10,000.00 |
| 11/11/75 | Check 3050 | 3,850.00 |
| Total Payments | | $48,850.00 |

It is shown without dispute that the $13,-850 payment made on November 11, 1975, is the same $13,850.00 to which reference is made in the subcontract as having been paid upon execution thereof. It is also without dispute that C & M has not paid Scarborough any money to apply upon the contract since its execution. It is also undisputed that C & M owes Scarborough $17,157 on the subcontract unless the dealing between the parties prior to the execution of the contract affords C & M some relief.

The record reflects and the parties admit the execution of the bond and the subcontract; that Scarborough is a person protected by the bond; that more than 90 days elapsed after the completion of the work by Scarborough before the filing of the suit and that the amount of soil removed under the contract has been correctly computed as 94,782 cubic yards.

C & M submitted the affidavit of its president, Charles C. McGonagill, which states that on August 6, 1975, the Corps of Engineers informed him that approximately 66,500 cubic yards of soil had been removed from the job site, that Scarborough commenced work during the second week of August, 1975 and that upon completion the Corps of Engineers announced that 94,782 cubic yards of soil had been removed from the overall job site. Upon these facts C & M argues that Scarborough removed only 28,282 cubic yards of soil and is only entitled to payment for this amount of $1.00 per cubic yard, or $28,282. Accordingly, C & M contends that Scarborough has been overpaid by the sum of $20,568.

The contention is made by C & M that Scarborough was paid in accordance with the number of truckloads rather than by the number of cubic yards actually removed and that this accounts for the overpayment. This contention is not supported by affidavits, depositions or admissions on file in the case. The opposite is in fact shown. The affidavit of Tommy Brown, foreman on the job for C & M, states that all work estimates of Scarborough were based on cross sections which were checked by him and by Charles McGonagill (President of C & M). Mr. Brown stated further that Scarborough did not base work estimates on the number of truckloads hauled. These facts are verified by Mr. Scarborough in his affidavit.

Mr. Scarborough submitted an affidavit in which he states that he was forced to enter into the subcontract dated November 11, 1975, because C & M refused to pay him for the work already performed, that the subcontract was a new contract and settlement for work already performed; and, though a greater sum was due, he agreed to accept the $13,850 then paid as full settlement for all work previously performed and to complete the job for an additional $10,-000 plus $1.00 per cubic yard of dirt removed from the job in excess of 87,625 cubic yards as computed by the Corps of Engineers at completion. This affidavit of the facts surrounding the execution of the subcontract stands uncontradicted by the record. C & M has not tendered affidavits which take issue with the facts stated by Mr. Scarborough.

Assuming arguendo that a dispute exists relative to the amount of dirt removed from the job site by Scarborough prior to November 11, 1975, there is no dispute but that the parties executed the subcontract, that it has been performed by Scarborough and that C & M owes Scarborough thereon the sum of $17,157.00.

The court holds that the pleadings, admissions and affidavits on file show that there is no genuine issue as to any *material* fact and that Scarborough is entitled to a judgment as a matter of law.

An order will be entered sustaining the motion for summary judgment, directing the entry of final judgment, and overruling C & M's motion to amend its answer.